# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DANIEL MCNEELY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANCHEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00727-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>[ECF No. 8]<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Joe Daniel McNeely is a state prisoner proceeding pro se and in forma pauperis in this civil rights matter pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). On June 22, 2017, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 6.).

Currently before the Court is Plaintiff's amended complaint, filed on November 8, 2017. (ECF No. 8.)

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1 | Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") who is currently being housed at the California Substance Abuse Treatment Facility in Corcoran, California ("SATF"), where the events at issue occurred. Plaintiff names the following individuals as defendants: (1) Doe One, an Appeals Coordinator/Respondent to 602; (2) Doe Two, an Appeals Coordinator/Respondent to 602; (3) Corrections Counsellor II ("CC II") Sanchez; (4) CC II Gomez; (5) ADA Coordinator P.

Brightwell, member of the Reasonable Accommodations Panel ("RAP"); (6) Custody Appeals Representative S. Morelock, member of the RAP; (7) Dr. A. Enemoh, member of the RAP; (8) Health Care Appeals Coordinator D. Hermosillo, member of the RAP; (9) Health Care Compliance Analyst V. Hernandez, member of the RAP; and (10) Licensed Vocational Nurse C. Evans, member of the RAP.

Plaintiff alleges as follows:[1] On March 22, 2016, Plaintiff submitted a CDCR 1824 Reasonable Accommodation Request form, requesting to be assigned a job, requesting a walker, etc. The form is attached as an exhibit.

On April 13, 2016, the RAP held a meeting (consisting of Defendants Brightwell, Morelock, Enenmoh, Hermosillo, Hernandez, and Evans). In RAP response dated April 13, 2016, stamped May 2, 2016, the RAP wrongfully determined that (1) Plaintiff would not benefit from use of a walker; and (2) his work restrictions were appropriate. The response is attached as an exhibit.

On May 19, 2016, Plaintiff filed a CDCR 602 appeal (attached as an exhibit) concerning the response from the RAP, and the issue of not being assigned a job. (Log No. SATF-D-16-2342.) On May 27, 2016, Appeals Coordinator Doe One completed a CDC form 695 in response to the 602 appeal, rejecting the appeal and citing the failure to submit a Form 22. Plaintiff was also instructed to file a Form 22 and wait twenty days if no response to said Form 22 was rendered before resubmitted the 602 with the Form 22 attached. This was a denial of due process as an ADA inmate, being that Plaintiff had previously filed a CDCR 1824, which is the equivalent to a Form 22 concerning ADA inmates.

Therefore, Doe One refusing to accept, acknowledge, or recognize Plaintiff's CDCR 1824 for ADA inmates, as the Form 22 is for non-ADA inmates, discriminated against and denied Plaintiff his right as an ADA inmate to have his appeal processed, and Doe One was negligent in rejecting the appeal. Plaintiff did not receive an interview or receive a response. Plaintiff had formerly received an interview in response to his 1824 form, proving there was no

---

[1] Plaintiff's allegations are re-arranged in chronological order for ease of assessment.

3

reason for him to further submit another form for an interview, after he was already interviewed in response to the 1824 form for the same issues.

On July 18, 2016, Appeals Coordinator Doe Four cancelled Plaintiff's appeal, citing time restriction violations, and thereby violating Plaintiff's due process rights.

On August 18, 2016, Appeals Coordinator Doe Two wrongfully rejected Plaintiff's 602 appeal, instructing him to attach the original 1824 and 602, and resubmit them for a Second Level Review, even though Plaintiff had already attached legible copies of both (CDCR Form 695 dated August 16, 2016 is attached as an exhibit.) Thus, Plaintiff's due process rights as an ADA inmate were further violated. As stated in the Form 695, it is inappropriate to submit copies with 602 appeals, and all documents must be legible.

On August 23, 2016, a CDCR 7536, Durable Medical Equipment & Medical Supply Receipt was signed, acknowledging delivery of a Drive D-Lite walker on Plaintiff's behalf. Thus, Plaintiff was ultimately issued the much needed walker, proving that the RAP's denial to sustain him with a walker was negligent in refusing to provide him with necessary medical equipment. Plaintiff also attaches a Disability Placement Program Verification to show that his mobility impairment designation code is DPO, which illustrates that he is in fact needs mobility assistance.

On September 14, 2016, Plaintiff attached the original 1824 and legible copy of the 602, Log No. SATF-D-16-2342, and resubmitted 602 Log No. STAF-D-16-4282 as instructed. Plaintiff explained that he sent the original 602 to the Chief Inmate Appeals Branch in Sacramento, thus the reason he was providing a legible copy in its place.

On October 24, 2016, Appeals Coordinator Doe Three wrongfully cancelled Plaintiff's 602 appeal, citing time violations (CDC Form 695 dated October 24, 2016 attached.) Therefore, Doe Three also refused to accept Plaintiff's 1824 as an ADA inmate's equivalent to a non-ADA inmate's use of a Form 22. This compounds the fact that Plaintiff's due process rights as an ADA inmate were violated by Appeals Coordinators Doe One and Doe Two.

Concerning the issue of work placement restrictions, Defendant Sanchez's and the RAP's response that Plaintiff's work restrictions were appropriate was incorrect. In April 2017, the

1  institution classification committee affirmed that Plaintiff was eligible to be assigned to jobs
2  such as the yard crew, a porter, or ADA worker. Plaintiff was not on the waiting list before then
3  because of Defendant Gomez, his assigned counselor when he arrived at SATF on August 13,
4  2014, who neglected to place him on the waiting list. Therefore, Defendant Gomez was negligent
5  for not placing Plaintiff on the waiting list for all jobs that he was eligible for, and the RAP and
6  Defendant Sanchez were also negligent for refusing to place Plaintiff on the list for jobs. They
7  erred in determining that Plaintiff was only placed on the Restricted Light Duty Support Services
8  waiting list, in response to his request for a job assignment.

Plaintiff was assigned to a job as an ADA worker on May 6, 2017. This was only after Plaintiff's new assigned counselor, CCI Sherman, did what Defendant Gomez neglected to do, and placed him on the waiting list for all the jobs that he was eligible for, in April 2017. This is proof that Defendant Gomez, Defendant Sanchez, and all members of the RAP were discriminating against him because of his mobility disability issues, by refusing to even begin the process of placing him on the list for the above-mentioned job assignments.

Plaintiff asserts that he is an ADA inmate who was discriminated against for refusal to put him on a waiting list for a job, and a violation of his due process rights in refusing to accept his CDCR 1824 and rejecting and cancelling his 602 appeal for that matter. Plaintiff seeks damages and costs of suit.

### IV.

### DISCUSSION

**A.    Fourteenth Amendment Due Process**

Plaintiff asserts a claim for a violation of his due process rights by Does One, Two, Three and Four for refusing to accept his CDCR 1824 and rejecting and cancelling his 602 appeals.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.

Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Failing to properly process a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Accordingly, Plaintiff fails to state a cognizable due process claim. This deficiency is not capable of being cured through amendment, and therefore should be dismissed without leave to amend.

### B. American's With Disabilities Act

Plaintiff also alleges that Does One, Two, Three and Four discriminated against him as an ADA inmate in refusing to accept his CDCR Form 1824 and by rejecting and cancelling his 602 appeal. Plaintiff further alleges that all other Defendants discriminated against him as an ADA inmate by neglecting to put him on a wait list for all the jobs for which he was eligible.

Title II of the ADA applies to the administration of state prisons. Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 209-10 (1998) (claims against a "public entity" under Title II of ADA may be directed to state correctional systems). A prisoner may state a Title II claim based on "the alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs[.]" U.S. v. Georgia, 546 U.S. 151, 157 (2006).

To state a cognizable failure-to-accommodate claim under Title II, an individual must allege the following four elements: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007)

(citations, punctuation and internal quotation marks omitted); see also Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010).

### 1. CDCR Form 1824 and 602 Appeals

Plaintiff alleges that he is mobility impaired and has been designed as a person with a disability due to his need for mobility assistance. He has also attached a form CDCR 1845 indicating that he is designated as DPO based on severe mobility restrictions, and that he has a verified medical disability. The Court finds this sufficient to allege that Plaintiff is an individual with a disability within the meaning of the ADA.

The CDCR provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). Plaintiff alleges that SATF has an appeals process which he attempted to use.

Plaintiff does not allege facts showing that he was excluded from participation in or denied the benefits of the appeals process by reason of his disability, however, and therefore has not alleged sufficient facts to state a claim on that basis. According to Plaintiff's allegations and submissions, his initial CDCR 602 appeal was rejected for missing necessary documents; namely, a Form 22 which was required to be filed prior to submitting his 602 appeal. See Cal. Code Regs. tit. 15, § 3086 (CDCR Form 22, "Inmate/Parolee Request for Interview, Item or Service"). His resubmitted appeal was also cancelled for time limit violations.

Plaintiff asserts that he should not have been legally required to comply with the regulation requiring that he submit a Form 22 because he had already been interviewed, but this conclusory assertion does not show discrimination on the basis of his disability. Plaintiff does not make factual allegations from which the Court can conclude that the policy of requiring a Form 22 or requiring timely submissions was unduly burdensome to him on the basis of his disability. Plaintiff must allege facts to show that CDCR's policies unduly burden him due to his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). This requires the

7

public entity to make reasonable modifications in policy, practice, and procedures when necessary to avoid discrimination unless the public entity can demonstrate that making the modifications would alter the nature of the service program or activity. 28 C.F.R. § 35.130(b)(7).

Plaintiff also alleges his appeals were incorrectly processed and states that the appeals coordinators were negligent, but negligence also does not meet the standards described above for showing discrimination. Thus, Plaintiff's allegations are not sufficient to state a claim under the ADA.

### 2. Job Placement

As discussed above, Plaintiff has adequately pleaded that he is a qualifying individual with a mobility disability issue. Plaintiff also alleges that SATF had a job placement program and waiting lists, and that he was eligible for certain jobs such as the yard crew, a porter, or ADA worker. These would qualify as services, programs or activities of the public entity under the standards set forth above.

Plaintiff next alleges that he was denied placement on the job waiting list for all eligible jobs. As explained above, Plaintiff must allege facts showing that the exclusion or discrimination was by reason of Plaintiff's disability, and this means that Plaintiff must allege facts to show that CDCR's policies unduly burden him due to his disability. McGary, 386 F.3d at 1265

Here, Plaintiff alleges that certain corrections counselors and the RAP members determined he was only eligible for the Restricted Light Duty Support Services waiting list. He does not identify any CDCR policy pursuant to which these officials acted, and which unduly burdened him due to his disability. Plaintiff has not pleaded sufficient facts to show that he was delayed in his job placement here due to a violation of the ADA.

Plaintiff also appears to sue the Defendants in their individual capacities, which he cannot do here. Plaintiff cannot bring an ADA claim against individual prison employees in their personal capacities, as such claims are precluded under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); Becker v. Oregon, 170 F.Supp.2d 1061, 1066 (D. Or. 2001); Abbott v. Rosenthal, 2 F.Supp.3d 1139, 1144 (D. Idaho 2014). While the ADA does provide for suits against a defendant in their official capacity, such suits are treated as a suit against the State and

1  therefore, "the entity's policy or custom must have played a part in the violation of federal law." Hafer v. Melo, 502 U.S. 21, 25 (1991). As explained, the amended complaint does not identify any policy or custom of CDCR that violated Plaintiff's federal rights; nor does Plaintiff allege that any individual was acting pursuant to a policy or custom of the CDCR, and the Defendants are not named in their official capacities. For these reasons, Plaintiff fails to state a cognizable claim for a violation of the ADA.

## V.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff shall be granted one final opportunity to amend his complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint;

3. Plaintiff's second amended complaint shall not exceed twenty-five (25) pages in length; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **March 16, 2018**

UNITED STATES MAGISTRATE JUDGE