# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE DANIEL MCNEELY,<br><br>    Plaintiff,<br><br>v.<br><br>SANCHEZ, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00727-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A FRESNO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR THE FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 10]<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Joe Daniel McNeely is a state prisoner proceeding pro se and in forma pauperis in this civil rights matter pursuant to 42 U.S.C. § 1983.[1]

Currently before the Court is Plaintiff's second amended complaint, filed on April 24, 2017. (ECF No. 10)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Previously, Plaintiff alleged violations of Title II of the Americans with Disabilities Act ("ADA"). As he has not re-alleged any claim under the ADA, the Court presumes that Plaintiff has abandoned that cause of action.

1

legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff alleges that on March 22, 2016, he submitted a CDCR 1824 Reasonable Accommodation Request form seeking a walker. On April 13, 2016, the RAP held a meeting, determining that Plaintiff would not benefit from use of a walker. Nevertheless, on August 23, 2016, Plaintiff was ultimately issued the walker, proving that the RAP's denial was in error. Plaintiff's mobility impairment designation code is DPO, which also illustrates that he needs mobility assistance. Plaintiff asserts a claim against the RAP members for denying and delaying the assistance he needed to walk and exercise.

1    In his CDCR 1824, Plaintiff also sought a job assignment. The RAP maintained that Plaintiff could only be placed on the Support Services Restricted Light Duty wait list. However, CCII Sherman, Plaintiff's counselor, rightfully determined that Plaintiff was eligible for other jobs. CCII Gomez refused to place Plaintiff on the waiting list for anything other than Support Services Restricted Light Duty.

In April 2017, the Institutional Classification Committee agreed with CCII Sherman, and Plaintiff was assigned a job on May 6, 2017 as an ADA caregiver. Plaintiff brings a claim against the members of the RAP and CCII Gomez, in their individual capacity, for deliberate indifference for failing to place him on the list for all appropriate programs and jobs, and causing a delay in job assignment. Plaintiff seeks damages and costs of suit.

**IV.**

**DISCUSSION**

Plaintiff is a state prisoner who alleges that both of his claims are based on deliberate indifference. Thus, the Court will apply the Eighth Amendment.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Morgan, 465 F.3d at 1045. Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

A difference of opinion between a prisoner and a physician or other health care provider about what care was appropriate for the prisoner does not amount to deliberate indifference in

3

violation of the Eighth Amendment. Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); see also Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122.

Regarding Plaintiff's allegations of being denied a walker, Plaintiff has failed to allege sufficient facts to state a claim for deliberate indifference in violation of the Eighth Amendment. Attachments to the complaint show that he requested a walker, and was then reviewed by medical. Based on the medical determination, the RAP denied the walker, and Plaintiff was instead accommodated with a mobility vest. (RAP Response, ECF No. 10, at 8.) The response to his health care appeal states that on June 27, 2016, he was again seen and evaluated by a primary care provider ("PCP") regarding his request for a walker and seat, and was found to have good strength and the ability to stand and walk short distances. His case was presented to the Chief Physician and Surgeon for evaluation. On August 23, 2016, Plaintiff was given the walker, and had a follow-up evaluation with his PCP on September 14, 2016. He was advised to use the seated walker to stop and rest if he was unable to continue walking.

Plaintiff's allegations do not show either a serious medical need or a deliberately indifferent response by the RAP. The attachments to Plaintiff's complaint that he relies upon show that the RAP based their decision on a medical determination in denying his request for a walker. A medical evaluation showed that he had good strength and could walk and stand short distances, and the walker was provided only to allow him to rest if he was unable to continue walking. These documents do not show any significant risk of serious harm or significant pain, nor do they show any injury caused by the brief delay between the denial of the walker on April 13, 2016, and the supply of the walker on August 23, 2016. Further, rather than a choice made in

conscious disregard of Plaintiff's health and safety, these documents show that the RAP's decision was made based on medical evaluations and consideration of his health condition.

Plaintiff's allegations regarding the denial of placement on a job list for certain jobs also do not state a claim under the Eighth Amendment. While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346. Here, Plaintiff's allegations that he was delayed in achieving a job assignment due to an error in his classification do not rise to the level of wanton, harsh, or indecent conditions of confinement necessary to state a claim for the violation of the Eighth Amendment.

## V.

## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, and has not been able to cure the identified deficiencies. His allegations have remained substantially the same. Therefore, the Court finds that further amendment would be futile, and leave to amend is not warranted. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed for the failure state a claim upon which relief may be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

**days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 31, 2018**__

UNITED STATES MAGISTRATE JUDGE